J-A32005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AMERICAN INDEPENDENT INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ESTATE OF KENTA SCOTT, BY SHELLY CROWDER AS ADMINISTRATRIX AND SOPHIA DERRELL AND ESTATE OF MICHAEL WADE, JR., BY JOHN PADOVA, JR., ESQUIRE AS ADMINISTRATOR AND ENTERPRISE LEASING COMPANY OF PHILADELPHIA, L.L.C. D/B/A NATIONAL AND EAN HOLDINGS, L.L.C. | |
| APPEAL OF: ESTATE OF KENTA SCOTT, BY SHELLY CROWDER AS ADMINISTRATRIX AND ESTATE OF MICHAEL WADE, JR., BY JOHN PADOVA, JR., ADMINISTRATOR | |
| Appellants | No. 1198 EDA 2014 |

Appeal from the Order March 12, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130102246

BEFORE: PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.            **FILED MARCH 09, 2015**

Appellants, Estate of Kenta Scott, by Shelly Crowder as Administratrix

and Estate of Michael Wade, Jr., by John Padova, Jr., Administrator, appeals

from the order entered March 12, 2014, in the Court of Common Pleas of

_____

[*] Former Justice specially assigned to the Superior Court.

Philadelphia County, that entered summary judgment in favor of Appellee, American Independent Insurance Company ("American Independent"), in American Independent's declaratory judgment action against Appellants. We affirm.

This action arises out of a one-vehicle accident that occurred on January 9, 2010, in which decedents, Michael Wade, Jr., and Kenta Scott, were killed. In the accident, Wade was the operator of a rental vehicle owned by Enterprise Rent-A-Car and rented to Sophia Derrell. Scott, who was Derrell's friend, was the front-seat passenger of the vehicle. There is no dispute that Derrell was the only authorized driver of the rental car under the car rental agreement, and there is no claim that she knew Wade. Derrell testified in her deposition that she did not know Wade, and that she did not give permission to either Wade or Scott to use the vehicle.

At the time of the accident, Wade was insured under an automobile insurance policy issued by American Independent. American Independent commenced the instant action for declaratory judgment, seeking a judgment that the damages resulting from the accident are not covered because of an exclusion under the policy for using a vehicle without the permission of the owner. The pertinent language of the police provides:

Additional Definition

When used in this Part I, "**insured person**" or "**insured persons**" means:

…

4. **You** [Wade] with respect to an **accident** arising out of the maintenance or use of any **vehicle** with the express or implied permission of the **owner** of the **vehicle**

American Independent Pennsylvania Motor Vehicle Policy at 7. The policy defines "owner" as an individual who:

a. Holds legal title to the **vehicle**
b. Has legal possession of the vehicle that is subject to a written security agreement with an original term of six (6) months.

*Id*. at 5.

At the close of discovery, American Independent moved for summary judgment. On March 12, 2013, the trial court granted the motion for summary judgment, ordering that "Plaintiff, American Independent Insurance Company, does not owe any defense or indemnification to Defendant Estate of Michael Wade, Jr., by John Padova, Jr., Esquire, as Administrator, for any claims arising out of the January 9, 2010 accident…." Order, 3/12/13. The court further determined that "decedent Michael Wade, Jr. and/or the Estate of Michael Wade, Jr., by John Padova, Jr., Esquire, as administrator, is <u>not</u> an insured under the policy of insurance, Policy No. 35464330, issued by American Independent Insurance Company in effect as of January 9, 2010." *Id*. This timely appeal followed.

Our standard in reviewing a challenge to an order granting summary judgment is as follows.

We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is de novo, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a

- 3 -

genuine issue of material fact must also be resolved against the moving party.

***Executive Risk Indemnity Inc. v. CIGNA Corp.***, 976 A.2d 1170, 1172

(Pa. Super. 2009). Furthermore,

> [i]n evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. ***See*** PA.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

***Shepard v. Temple University***, 948 A.2d 852, 856 (Pa. Super. 2008)

(citations omitted).

With the above standard in mind, we turn to the merits of the Appellants' appeal. Appellants contend that the policy provision that provides coverage to the named insured only if the insured is operating a non-owned vehicle with the express or implied permission of the title holder is unconscionable, and therefore unenforceable as against public policy. ***See*** Appellants' Brief at 14.

> We begin our analysis by noting that "the interpretation of a contract of insurance is a matter of law for the courts to decide. In interpreting an insurance contract, we must ascertain the intent of the parties as manifested by the language of the written agreement. When the policy language is clear and unambiguous, we will give effect to the language of the contract." ***Paylor*** [***v. Hartford Ins. Co.,*** 640 A.2d 1234, 1235 (Pa. 1994)]. We further note that an insured's failure to read carefully the clear and unambiguous terms of his insurance

- 4 -

policy has never furnished grounds to invalidate those terms or otherwise nullify them. ***See***, ***e.g.***, ***Standard Venetian Blind Co. v. American Empire Ins. Co.,*** 503 Pa. 300, 469 A.2d 563, 566 (1983) (holding failure to read an insurance contract is an unavailing excuse and cannot justify avoidance of its terms).

***Erie Insurance Exchange v. Baker***, 601 Pa. 355, 362, 972 A.2d 507, 511 (2008).

We note at the outset that there simply are no facts to suggest that Wade had either express or implied permission to use the rental vehicle. ***See Belas v. Melanovich***, 372 A.2d 478 (Pa. Super. 1977) (setting forth framework for analyzing whether individual had implied consent to use vehicle). As noted, it is undisputed that Derrell was the only authorized driver of the vehicle under the Enterprise rental agreement. It therefore follows that Enterprise, as the holder of the legal title to the vehicle, did not give express or implied permission to either Wade or Scott to use the vehicle. Derrell expressly denied that she gave Wade or Scott permission to use the vehicle, and indicated that she did not even know Wade. Moreover, even if Derrell had given permission to use the vehicle, such permission would still be invalid to trigger coverage under the American Independent policy as Derrell's permission clearly does not constitute "express or implied permission of the **owner** of the **vehicle**." American Independent Pennsylvania Motor Vehicle Policy at 7.

We further find no merit to Appellants' contention that the nonpermissive use exclusion provision at issue is unconscionable and against

public policy.  In **Nationwide Mutual Ins. Co. v. Cummings**, 652 A.2d 1338, 1343 (Pa. Super. 1994), this Court expressly held that nonpermissive use exclusions, such as the provision at issue, do not violate either the legislative intent or public policy expressed in the motor vehicle financial responsibility law.

Based on the foregoing, we affirm the order entering summary judgment in favor of American Independent.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015